

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. T. M. Trimble
First Ass't State Superintendent
Department of Education
Austin, Texas

*See LA-105*

Dear Sir:  Opinion No. 0-7128
Re: Whether pupils of parochial
schools may be transported
on public school bus under
the facts stated

Your request for opinion has been received and
carefully considered by this department. We quote from
your request as follows:

"This office, in correspondence with
the Superintendent of Robstown Schools, has sent
them copy of an Attorney General's opinion hold-
ing that children attending parochial schools
cannot legally ride to school at the expense of
the school district on a school owned bus.

"This opinion has been questioned within
the Robstown community and Mr. Robert Butler,
an attorney living in that district, has
submitted an opinion to the Board of Trustees
of Robstown Independent School District out-
lining method whereby students may enroll in a
public school for the purpose of being trans-
ported in a public school bus to a parochial
school which they actually attend.

"At the request of Superintendent Hudson
of Robstown, we are submitting this question to
you for your consideration and opinion. Attached
to this request is a copy of the opinion rendered
by Mr. Robert Butler."

The attorney's opinion referred to in your letter
reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. T. M. Trimble - Page 2

"Mrs. Fred Helpert, the bearer of this letter, whose children, Eugene Helpert, age eleven and Geraldine Helpert, age ten, reside in the Robstown school district, has requested an opinion with reference to the children riding the buses operated by the Robstown School District for the purpose of attending the Parochial school, known as St. John's Parochial School, at Robstown, Texas. The two children are within school age. By the terms of Article 2839 of the Revised Civil Statutes of the State of Texas, school children are specifically exempt from public school attendance requirements of the state when in attendance of a recognized parochial school which has as the basis of its curriculum the teaching of good citizenship and the English language in all subjects.

"There is no provision in the statutes prohibiting children who live in a school district from enrolling in the public school and availing themselves of the benefits of the system, in so far as transportation is concerned, by virtue of such enrollment. Certainly, if enrolled, they are entitled to this service. The question then arises as to whether or not the trustees are under a legal duty to deny enrollment provided the purpose is to use the school bus only. The cases with reference to whether or not the board has the administrative authority to deny admission to the public free schools have set out facts wherein the persons denied have violated some express regulation of the trustees in the operation of the school system or who have contravened article 2898 R.C.S. of the State of Texas. (SEE Bishop vs. Houston Independent School District 29 S.W. and 312).

"Should these children then be enrolled in the Robstown district in the school system in which there is available to them school work of a grade appropriate to their present advancement and then not in fact attend the classes in the public school system but ride the buses from their homes to Robstown, disembark, attend the parochial school and return for transportation at the exact place where students in attendance upon the public schools embark for return to their homes, then to deny them the right to get on the buses, the board of trustees would have to expressly pass a written regulation prohibiting them to get on inasmuch as they would be enrolled in the public school system and under the juris-

diction of the school so long as they were on the buses. In this connection, section five, article seven of the constitution would certainly not be violated by the trustees, as the service they extend to the children in the way of bus rides would relate to the childrens' enrollment in the public schools. Certainly the trustees would be under no duty nor would they have the right to prosecute either parents or children for failure to attend the public school because they are specifically exempt under the provision of the statute.

"It is my opinion, therefore, that if the children are properly enrolled in their district that they have a right to ride the school buses by virtue of such enrollment. They also have the right to attend the parochial school and not be submitted to any of the penalties of the truancy laws. It is further my opinion that the board of trustees would not be in a position of giving anything of value to the parochial school, but only giving the natural right of transportation to those enrolled in its schools that any other student would be entitled to actually in attendance in the public school.

"I do not, by this opinion, mean to say that any trustees have the right to give anything of value to a sectarian school, but simply state that they have not the right to deny a child transportation where he is enrolled in the public school and not violating any regulation of the school or of state laws or constitution relating to the operation and conduct of such public school. Should the school district desire to protect itself against any encroachment upon its funds allocated to the district under the per capita apportionment act by the authorities administering the same, then I would suggest that any entry be made in the minutes of the meeting to the following effect:

"Be it enacted by the board of trustees of the Robstown Independent School District that Eugene Helpert and Geraldine Helpert, who reside in this district be permitted to enroll in the Robstown school's district for all purposes except actual attendance upon classes, the said children being excused therefrom by reason of their contemporaneous enrollment for attendance in the St. John's Parochial School at Robstown, Texas, it being understood by the governing authorities of this school that this permission has been granted in their sound discretion and in the interests of justice.

Hon. T. M. Trimble - Page 4

"Should you desire to contract for the right of these children to ride on the bus, that is, sell the right of transportation, I will be pleased to submit an opinion in this connection. There is ample case-book authority for the sale or lease of school property. Certain types of real property, however, must be sold subject to the approval of the Texas State Board of Education. The opinion of the attorney general covers only the giving of free transportation to students enrolled only in the parochial schools, and this by way of analogy."

Section 7 of Article I, Constitution of Texas, reads as follows:

"No money shall be appropriated or drawn from the Treasury for the benefit of any sect, or religious society, theological or religious seminary; nor shall property belonging to the State be appropriated for any such purposes."

Section 5 of Article VII, Constitution of Texas, provides in part as follows:

". . . and no law shall ever be enacted appropriating any part of the permanent or available school fund to any other purpose whatever; nor shall the same or any part thereof ever be appropriated to or used for the support of any sectarian school; . . ."

Article 2899, Vernon's Annotated Texas Civil Statutes, provides:

"No part of the public school fund shall be appropriated to or used for the support of any sectarian school."

Construing the above quoted constitutional and statutory provisions this department in an exhaustive and well considered opinion, No. O-4220, held that the pupils of a parochial school may not be lawfully transported to their parochial schools on a public school bus. We enclose herewith a copy of Opinion No. O-4220.

It is our opinion that the plan outlined in the Attorney's opinion quoted above, whereby the students of the

Hon. T. M. Trimble - Page 5

parochial schools would be enrolled in the public schools merely for the limited purpose of riding in the public school bus to their parochial schools, is plainly and palpably an attempt to do by indirection that which could not be done directly and is merely a subterfuge which cannot evade the plain provisions of our State Constitution, above set out.

We, therefore, hold that the proposed plan above set out is illegal and contrary to our State Constitution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    Wm. J. Fanning
          Assistant

WJF:BT

